To:    U.S. Chief Judge Laura Taylor Swain
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:    <u>Komatsu v. Urban Pathways, Inc.</u>, No. 22-cv-9080 (LTS)(S.D.N.Y.)

Thursday, April 20, 2023

Judge Swain,

This filing is in response to your 4/18/23 order in this case to inform you that I hereby disclaim my right to file a further amended complaint in this case. To be crystal clear about that, I'm doing so in response to the fact that you committed further material, pretextual, and unduly prejudicial fraud on the court and obstruction of justice against me through your 4/18/23 order that fraudulently denied me reconsideration and reversal of your baseless, biased, pretextual, and unduly prejudicial 1/26/23 order in this case. By invoking this option, I'm firing you from this case and giving the Second Circuit immediate and complete jurisdiction to hear an appeal about it. The following are the findings in <u>Slayton v. American Exp. Co.,</u> 460 F.3d 215 (2d Cir. 2006) that confirm that this option exists:

> "an appellant can render such a non-final order "final" and appealable by disclaiming any intent to amend. <u>Kittay v. Kornstein,</u> 230 F.3d 531, 541 n. 8 (2d Cir. 2000) (filing notice of intent not to replead in district court renders court's dismissal with leave to replead "final and allows review of the dismissal" by Court of Appeals)"

You're clearly a corrupt judge and certainly aren't worth a second of my time. I intend to hammer that point and others home really clearly in my communications with the Second Circuit and the U.S. Supreme Court. <u>Wahad v. FBI</u>, 813 F. Supp. 224 (S.D.N.Y. 1993) was issued in this judicial district and contains the following findings that confirm that government attorney immunity doesn't apply to discovery violations by government attorneys while this necessarily

Page 1 of 6

also confirms that you fraudulently, biasedly, prejudicially, and pretextually refused to grant me reconsideration and reversal of your 1/26/23 order:

- a. "The imposition of sanctions in this case would be "just" because Defendants willfully failed to comply with two orders — one by the Magistrate Judge and one by this Court."

- b. "The parties ... must be prepared to adhere to the orders of the court whose assistance they seek, whether or not they agree with those orders."

- c. "Parties must not be permitted to better their position because they have failed to comply with discovery orders. Sanctions ensure that this does not occur. While sanctions are severe measures, they are appropriate particularly in cases such as this where it is the government that disobeys court orders; the government is charged with the enforcement of law and should set examples for others to follow."

*United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365 (9th Cir. 1980) states the following that buttresses what I just discussed and confirms that you fraudulently dismissed my claims in this case against government attorneys:

"The government appeals from the district court's orders imposing sanctions against the government, and personally against the government's attorney, for failure to obey discovery orders. Because we find that the sanctions were within the discretion of the district court, *see* Fed.R.Civ.P. 37(b), we affirm."

*US v. Horn*, 29 F.3d 754 (1st Cir. 1994) cites *United States v. Sumitomo Marine & Fire Ins. Co.* while stating the following:

- a. "*United States v. Sumitomo Marine & Fire Ins. Co.,* 617 F.2d 1365, 1370-71 (9th Cir.1980) (upholding imposition of monetary sanction for discovery abuse against government attorney as the "only available target for such sanctions")"

- b. "the court had ample means at its disposal, even without fee-shifting, to catch the Justice Department's attention, punish the culprit, and deter future prosecutorial excesses."

- c. "The fact that sovereign immunity forecloses the imposition of monetary sanctions against the federal government in criminal cases does not leave federal courts at the mercy of cantankerous prosecutors. Courts have many other weapons in their armamentarium."

On a related note, <u>Turkmen v. Ashcroft</u>, 02-cv-2307 (JG) (E.D.N.Y. July 29, 2004) includes the following relevant findings:

    a.    " if there is `any reason' to believe the information sought may shed light on government misconduct, public policy . . . demands that the misconduct not be shielded merely because it happens to be predecisional and deliberative."

    b.    "the deliberate process privilege disappears altogether when there is any reason to believe government misconduct occurred".

<u>Di Lapi v. City of New York</u>, No. 06-cv-3101 (E.D.N.Y. Jan. 9, 2012) similarly points out that "the mental process privilege is not absolute" and that an "established exception to the mental process privilege exists for" judges and others in situations in which "a party has made a prima facie showing that the decision by" a judicial officer or an agency "is tainted by impropriety" or "upon a strong showing of bad faith or improper behavior". The following findings from <u>United States v. American Tel. and Tel. Co.</u>, 524 F. Supp. 1381 (D.C. 1981) reinforce what I just discussed:

> "Defendants will be permitted to elicit the following testimony, either because it does not involve a privilege or because the applicable privilege is overridden by other considerations.
>
> 1. An exception to the general thought-process rule is made where there are allegations of misconduct or misbehavior, and evidence to that effect is not privileged.[32] Such evidence would also be relevant. If it could be shown that various FCC decisions were the product of staff manipulations, these decisions, and the findings they embody, would on that basis at a minimum be entitled to less weight than would be true otherwise.
>
> Accordingly, when defendants have intimated at various times that improper or undue influence may have been exerted upon the Commission through some staff members, the Court has always taken the position that defendants may confront such members with these allegations during their case in chief. The Court will now permit these staff members to be called and questioned by defendants on the issue of whether their influence on the Commission exceeded the bounds set by the rules or the customary practices of that agency. If examination of these staff members reveals impropriety on the part of Commissioners,[33] the Court will entertain a motion to call them as well for further examination."

The fact that your 4/18/23 order in this case is the latest instance of government misconduct against me by you confirms that I'm legally entitled to know precisely what your rationale was for every single determination that you made in that 4/18/23 order and all other decisions, orders, and memo endorsements that you issued in this case. As a result, immediately preserve all record that have been in your possession and that of your staff that are about me.

Moreover, all that I have seen thus far about what you wrote in your 4/18/23 order indicates that you unlawfully concealed your reasons for refusing to grant me reconsideration about your 1/26/23 order. That fraudulent concealment is patently unlawful and directly violates findings in <u>US v. Sawyer</u>, 907 F.3d 121 (2d Cir. 2018) and <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) that both are controlling law and confirm that you were legally required to fully disclose your actual reasons for denying me reconsideration about your 1/26/23 order partly to allow for meaningful appellate review of a clearly corrupt, biased, and prejudiced judge. As a reminder, your obscene and substantial dereliction of duty explains why I have a pending petition for a writ of certiorari that is due next month.

Later today, I will participate in yet a new fair hearing that the New York State Office of Temporary and Disability Assistance ("OTDA") by telephone against the New York City Human Resources Administration ("HRA") after HRA's personnel will have yet again criminally not complied with my discovery rights for such fair hearings that OTDA has conducted between HRA and I since 7/5/16. HRA most recently did exactly that for the fair hearing that OTDA conducted by phone on 4/10/23 between HRA and I. In fact, the OTDA administrative law judge told me during that hearing HRA chose to waive its right to participate in that fair hearing. That fact alone establishes the critical fact that HRA personnel opted to not engage in any advocacy for HRA against me for that hearing. This is crucially important largely because it

retrospectively and prospectively cements the fact that the decisions by HRA's personnel to violate my discovery rights for OTDA fair hearings never were part of the judicial process nor advocacy work by HRA. That means that such actions were not shielded by government attorney immunity because they were administrative in nature instead of advocacy. Also, <u>Weise v. Colorado Springs, Colorado</u>, 421 F. Supp. 3d 1019 (D. Colo. 2019) point out that though government attorneys may possibly have immunity for their actions, municipalities don't have immunity for Monell claims that are attributable to illegal acts and omissions by government attorneys that are condoned and otherwise ratified by other government personnel. This confirms that I'm authorized to redirect claims in this case to the City of New York that were asserted against government attorneys. You fraudulently never took this fact into proper account.

The fact that HRA personnel have pretextually, illegally, and steadfastly subjected me to such obstruction of justice and witness tampering that you have long known about and illegally condoned further cements the fact that findings that you issued in your 1/26/23 order in this case were premature, biased, and unduly prejudicial. I'm partly referring to the fact that you rubber-stamped findings that U.S. District Judge Louis Stanton issued in <u>Komatsu v. City of New York</u>, <u>No. 20-cv-6510 (LLS) (S.D.N.Y. Oct. 21, 2020)</u> as he prematurely, biasedly, and prejudicially contended that I failed to state a claim against Urban Pathways, Inc. ("Urban") and its personnel.

You fraudulently omitted the material fact in your 1/26/23 order in this case that Judge Stanton fraudulently didn't let me know about his objections to my complaint in <u>Komatsu v. City of New York</u>, <u>No. 20-cv-6510</u> before he fraudulently dismissed that case. That circumstance prejudicially and discriminatorily blocked me from presenting relevant matters of fact, law, and evidence in a further amended complaint in that case and this case to demolish his grounds for dismissing that case and your grounds for dismissing some of my claims in this case. The fact

that your 4/18/23 order in this case reveals that you obstinately stood by your earlier errors in your 1/26/23 order in this case was clear and unduly prejudicial error, bias, and impropriety by you that certainly demanded your immediate recusal and authorization for me to promptly pursue an appeal to the Second Circuit about both your 1/26/23 order and your 4/18/23 order.

    Since court decisions are required to be based on applicable law, facts, and evidence and HRA personnel have continuously engaged in a pretextual cover-up largely to sabotage my ability and right to gather, analyze, and present relevant evidence partly in this case to substantiate my claims, that circumstance indisputably has demanded and still demands the immediate issuance of a subpoena against HRA, the City of New York, Urban, and their current and former personnel to let this case be decided strictly on the merits and the weight of the relevant evidence instead of assumptions, bias, and prejudice being allowed to obstruct justice.

    Nearly every single time that I make a point in my legal filings, I promptly include relevant court decisions to support them. I certainly did exactly that in my collective motions for reconsideration about your 1/26/23 order and had such court decisions predictably, biasedly, and prejudicially ignored by you. That practice by you unquestionably constitutes fraud on the court and obstruction of justice against me that demands your immediate resignation as a judge. There mustn't be any tolerance for that nonsense.

From,

Towaki Komatsu

s_/Towaki Komatsu
*Plaintiff, Pro Se*

**Mailing address**:
1068 Franklin Ave.
Rm. 307
Bronx, NY 10452

Tel: 305-784-7450
Towaki_Komatsu@yahoo.com